## INTERNATIONAL ALLIANCE OF THEATRICAL STAGE EMPLOYEES AND MOVING PICTURE MACHINE OPERATORS OF UNITED STATES AND CANADA, LOCAL NO. 655, et al. v. REX THEATRE CORPORATION.

### No. 5258.

Circuit Court of Appeals, Seventh Circuit.

Oct. 24, 1934.

William B. Rubin and W. C. Zabel, both of Milwaukee, Wis., and Herman C. Runge, of Sheboygan, Wis., for appellants.

Charles Voigt, of Sheboygan, Wis., for appellee.

Before ALSCHULER, EVANS, and SPARKS, Circuit Judges.

SPARKS, Circuit Judge.

Appellee by its verified bill in equity sought to enjoin appellants from picketing appellee's theatre at Sheboygan, Wisconsin. After appellants had answered, a hearing was had on that part of the bill which sought a writ of injunction pendente lite, and the writ was granted. From that decree this appeal is prosecuted.

The bill alleges that under the National Industrial Recovery Act of June 16, 1933, there is in effect a code of fair competition approved by the President of the United States in accordance with the law which provides as follows:

"* * * Employees shall have the right to organize and bargain collectively through representatives of their own choosing, and shall be free from the interference, restraint, or coercion of employers of labor, or their agents, in the designation of such representatives or in self-organization or in other concerted activities for the purpose of collective bargaining or other mutual aid or protection; * * * no employee and no one seeking employment shall be required as a condition of employment to join any company union or to refrain from joining, organizing, or assisting a labor organization of his own choosing. * * *" Section 7 (a), 15 USCA § 707 (a).

The object of the bill, it is said, is to enforce rights arising under that law and code, in accordance with section 3 (c) of the act, 15 USCA § 703 (c).[1] Then follows the averment, "That this complainant is according to law bound by *said provision* of the said code of fair competition, and has in all things complied therewith." (Our italics.)

The bill in substance further alleges that appellee has at all times had eight persons employed in its business of conducting a moving picture theatre, and none of them are or ever have been members of any labor union; that appellants, International Alliance of Theatrical Stage Employees and Moving

---

[1] "The several district courts of the United States are hereby invested with jurisdiction to prevent and restrain violations of any code of fair competition approved under this chapter. * * *"

Picture Operators of the United States and Canada, Local 655, and Clifford Junkins, Julian Silverthorn, and John Kunstman made demand upon appellee that it permit its members to join said labor union, to which demand appellee agreed and stated that it was ready and willing to permit its employees or any of them to join said labor union, but that said employees, upon being so informed by appellee, declined and refused to do so, and that said union has not been chosen by said employees to represent them in any respect; that in violation of said code all appellants have undertaken to require said employees, as a condition of their continued employment by appellee, to join said union, and demanded of appellee that it violate the said code and discharge all of said employees because of their refusal to join the union; that all of the appellants have caused false and misleading signs and representations to be placed before appellee's theatre for the purpose of coercing appellee to so discharge its employees, and have caused persons to parade and picket before said theatre and to accuse appellee falsely of treating its employees and the union unfairly in the matter of representation by a labor union, all in pursuance of an agreement and conspiracy on the part of appellants to coerce the employees to join the union; that by reason of appellants' conduct appellee's customers have been intimidated from patronizing the theatre to appellee's damage, and a continuance of said conduct will result in further irreparable injury to appellee.

Appellants by their verified answer moved the court to dismiss the bill (1) for lack of jurisdiction over the persons of the defendants and of the subject matter, (2) for lack of diversity of citizenship and jurisdictional amount, and (3) because the alleged cause of action did not arise under the Constitution or laws of the United States. One of the reasons assigned for the alleged lack of jurisdiction was that the complaint failed to show that appellee had complied with all the obligations imposed upon it by the National Industrial Recovery Act and the code of fair competition.

The answer specifically denied the allegations of the bill with respect to appellants' violation of section 7 (a) (1) and (2) of the Act embodied in the code (15 USCA § 707 (a) (1) and (2), and denied any effort

or desire on their part, by conspiracy or otherwise, to coerce appellee into violating those sections, and it denied illegal picketing. It alleged, however, that appellee had violated subsection (a) (3) of the same section, 707,[2] with respect to wages paid to its employees and the hours of labor required of them.

At the hearing evidence was introduced in support of the verified pleadings. Appellants offered evidence which they claimed tended to support the allegations in the answer that appellee had violated and was then violating subsection (a) (3) of section 707. The court refused to hear the evidence and held that appellee had made a prima facie case. In this we think the court was in error. It will be noted that the bill did not allege compliance with all of the code, but it only alleged compliance with subsection (a) (1) and (2) of section 707 as embodied in the code. Nor was there any evidence submitted on the matter of appellee's compliance, other than as to said subsections (a) (1) and (2).

It is quite true that section 703 (c), supra, provides for the enforcement of the code by injunction, and if that section is in any way inconsistent with the provisions of 29 USCA § 104 (e), the former will prevail as it is a later enactment. But even so, appellee was in no position to ask a court of equity to enforce by injunction certain of its rights under the code, if at the time the injunction was sought it was violating other material requirements of the code. If the verified bill contained an allegation of full compliance with the code, and the entire body of evidence showed a conflict on that question, the court might with reason protect appellee's property rights by injunctive process pendente lite. However, there is no such allegation in the bill, and there was no proof offered in support of such compliance. On the other hand, the verified answer alleged non-compliance, and this was followed by an offer of proof which was rejected. The only relief obtainable by appellee in the Federal court is traceable to and derivable from the act above quoted and the code adopted pursuant thereto. As against the appellee's cause of action here relied upon (the only one of which the Federal court has jurisdiction), the excluded evidence would have precluded the granting of the relief sought by appellee, provided it established what appellants claimed for it. In

2 " * * * Employers shall comply with the maximum hours of labor, minimum rates of pay, and other conditions of employment, approved or prescribed by the President."

other words, Federal court jurisdiction is dependent solely upon the above quoted Federal act and the codes adopted pursuant thereto. We are not in a position to determine what the proof may be bearing upon the regulations as to minimum wages and maximum hours, as well as other facts bearing thereon. If, however, there was a code applicable, and that code provided for a minimum wage, and appellee sought relief under the code, without complying with its terms, then the court would not be justified in granting the relief sought. This is what the appellants were attempting to establish by the evidence which was excluded. In excluding this evidence the court erred.

The decree of the District Court is reversed and the cause is remanded with instructions to dissolve the injunction pendente lite.