**GASLIGHT ENTERPRISES, INC. d/b/a Johnel's Restaurant, Plaintiff/Counterdefendant,**

v.

**UNITED BROTHERHOOD OF JOINERS AND CARPENTERS, LOCAL 599, Defendant/Counterplaintiff.**

Civ. No. H90–263.

United States District Court, N.D. Indiana, Hammond Division.

Sept. 11, 1990.

Timothy F. Kelly, Munster, Ind., for plaintiff/counterdefendant.

Bernard M. Mamet, Chicago, Ill., George J. Glendening, Hammond, Ind., for defendant/counterplaintiff.

## MEMORANDUM OPINION AND ORDER

LOZANO, District Judge.

This matter is before the court on plaintiff's, Gaslight Enterprises, Inc. d/b/a Johnel's Restaurant ("Johnel's") Petition for Preliminary Injunction filed on August 31, 1990. Defendant, United Brotherhood of Joiners and Carpenters, Local 599 ("Local 599") subsequently filed Defendant's Motion to Dismiss Plaintiff's Petition for Pre-

liminary Injunction on September 6, 1990. For the reasons set forth herein, Johnel's Petition for Preliminary Injunction is DENIED and Defendant's Motion to Dismiss Plaintiff's Petition for Preliminary Injunction is GRANTED.

## BACKGROUND

Originally, Johnel's filed this action in state court in pursuit of an injunction against Local 599's alleged secondary picketing activity at Johnel's Restaurant. Local 599 removed this action to federal court pursuant to § 303 of the Labor Management Relations Act, 29 U.S.C. § 187, which gives district courts jurisdiction over actions concerning unlawful secondary labor activity. Johnel's now requests from federal court a preliminary injunction to enjoin Local 599 from doing, threatening, committing, or causing to be done, threatened or committed, any or all of the following acts: (1) all conduct and speech constituting threats to or annoyance of or interferences with the customers, employees or visitors to the business premises of Johnel's Restaurant; (2) any and all picketing upon the streets or sidewalks of the City of Hammond, within 500 feet of Johnel's property, or upon the property of Johnel's Restaurant; (3) any and all picketing at the two entrances to Johnel's Restaurant; (4) any and all conduct which intends to interfere with or in any way impede the free access to and from the property of Johnel's; and (5) doing any of the acts specified through agents or representatives. (See Verified Complaint, p. 4)

## DISCUSSION

Under the Norris–LaGuardia Act, 29 U.S.C. § 101 et seq., certain prerequisites "must be alleged in the complaint, proven by testimony, and specifically included in the court's findings of fact before an injunction may issue." La. Chemical Equipt. v. Laborers Local 41, 122 L.R.R.M. 3314, 3315 (N.D.Ind.1986) (citing 29 U.S.C. § 107).[1] One such prerequisite is an

1. Without deciding the issue, this court notes that federal courts may award damages when appropriate under § 303, but only the National Labor Relations Board ("NLRB") can attain injunctive relief for pertinent violations of the

National Labor Relations Act. La. Chemical Equipt v. Laborers Local 41, 122 L.R.R.M. 3314 (N.D.Ind.1986). In other words, even if the Norris–LaGuardia Act allows this court to provide injunctive relief, "§ 303 does not authorize

allegation in the Complaint that public officers charged with the duty to protect Johnel's property are unable or unwilling to provide sufficient protection. *See La. Chemical Equipt.*, 122 L.R.R.M. at 3315 (quoting 29 U.S.C. § 107). In addition, Johnel must provide personal notice of an injunction hearing to "the chief of those public officials of the county and city within which the unlawful acts have been threatened or committed charged with the duty to protect complainant's property." 29 U.S.C. § 107(e).

 Moreover, for injunctive relief to issue, the Norris–LaGuardia Act requires that Johnel "make every reasonable effort to settle [the labor] dispute either by negotiation or with the aid of any available governmental machinery of mediation or voluntary arbitration." 29 U.S.C. § 108; *International Alliance, etc. v. Rex Theatre Corp.*, 73 F.2d 92 (7th Cir.1934). The purpose of this prerequisite is to require efforts at settlement before federal courts provide equitable relief. *Brotherhood of Railroad Trainmen, Enterprise Lodge v. Toledo, P. & W.R. Co.*, 321 U.S. 50, 65, 64 S.Ct. 413, 421, 88 L.Ed. 534 (1944). In sum, Johnel is free to attempt settlement or decline from doing so; failure to make settlement attempts, however, precludes Johnel's right to injunctive relief under the Norris–LaGuardia Act. *Id.* at 63, 64 S.Ct. at 420.

Both the Complaint and Johnel's Memorandum of Law in Support of Plaintiff/Counterdefendant's Motion for Preliminary Injunction fail to address the Norris–LaGuardia Act requirements enumerated herein. Neither document alleges that public officers whose duty it is to protect Johnel's property are unable or unwilling to do so, nor do the documents exhibit any evidence of personal notice of a hearing served on the chief of such public officials. Similarly, Johnel's failed to show any effort at settlement with respect to this labor dispute. Thus, this court must dismiss Johnel's Petition for Preliminary Injunction for

this court to grant an injunction ... [without] some independent grant of authority." *Id.* at 3315.

want of the requisite elements for injunctive relief under the Norris–LaGuardia Act.

CONCLUSION

Plaintiff's Motion for Preliminary Injunction is DENIED. Defendant's Motion to Dismiss Plaintiff's Petition for Preliminary Injunction is GRANTED. This cause will continue based on plaintiff's Verified Complaint and defendant's Counterclaim.